**MERCHANTS' TRANSFER & STORAGE CO. v. FT. SMITH COUCH & BEDDING CO.**

No. 13641—Opinion Filed April 22, 1924.

Rehearing Denied Dec. 31, 1924.

**Appeal and Error—Harmless Error—Trial to Court—Ignoring Demurrer to Defendant's Evidence and Rendering Proper Judgment.**

In the trial of a law action all of the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of all the testimony, and after the defendant had rested his case, plaintiff demurred to the evidence on the part of the defendant and requested judgment in its favor as prayed for in its petition. The court, without sustaining the demurrer, rendered a judgment in favor of the plaintiff. Held, that it was obvious from the record that the court rendered judgment upon a consideration of all the evidence in the case for the purpose of determining the rights of the respective parties, and the whole case being before the court, and there being evidence reasonably tending to support the court's judgment, no reversible error was committed.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by the Ft. Smith Couch & Bedding Company, a corporation, against the Merchants' Transfer & Storage Company, a corporation, to recover a money judgment. Judgment for plaintiff, and defendant appeals. Affirmed.

Gasper Edwards, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendant in error.

Opinion by FOSTER, C. This case was originally tried before a justice of the peace of Oklahoma county, Okla., where a judgment was obtained by defendant in error, Ft. Smith Couch & Bedding Company, a corporation, plaintiff below, against the Merchants' Transfer & Storage Company, a corporation, plaintiff in error, defendant below, for the sum of $73.50.

An appeal was taken to the county court of Oklahoma county, where the cause was tried de novo, and judgment rendered for the defendant in error, as in the justice court.

The parties will be referred to as they appeared in the trial court.

The action was brought to recover the value of two pieces of household furniture, which it is alleged the plaintiff shipped to the defendant for delivery to its consignee, Spivey & McGill, of Oklahoma City, and Frier Hardware & Furniture Company, of Sulphur, Okla., and which it was charged defendant, in violation of its agreement, failed to deliver.

A jury was waived and the cause tried to the court, which entered a general judgment in favor of the plaintiff for the amount sued for, and the defendant has appealed.

Defendant insists that the trial court committed reversible and prejudicial error in sustaining a demurrer to its evidence interposed by the plaintiff at the close of all the testimony. An examination of the record fails to disclose that any exceptions were taken by the defendant to the action of the court in sustaining the demurrer and rendering judgment in favor of the plaintiff. In these circumstances the motion for new trial will not ordinarily present for review errors occurring at the trial, which were not excepted to at the time.

A motion for a new trial is intended for the purpose of bringing to the notice of the trial court errors and exceptions saved during the trial. When no exceptions are saved during the trial, such motion presents nothing relative thereto for review in the appellate court. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157.

It is further urged by the defendant that the demurrer to its evidence interposed by the plaintiff admitted as true all of the

evidence of the defendant that in the least degree tended to support the allegations of its answer together with all inferences and deductions opposed to the plaintiff, which might be reasonably drawn from its evidence, and if there is any evidence which in the slightest degree tends to support the defendant's case, however unreasonable or contradictory it may appear to the court to be, it was error to sustain the demurrer.

This rule, however, is not applicable where, as here, a jury is waived, and the cause is tried to the court, and where the record affirmatively shows that the court in fact rendered judgment upon a consideration of all the evidence in the case, and that it did not in fact sustain the demurrer.

In the case at bar, while a demurrer was interposed by the plaintiff to the evidence of the defendant, at the same time the court without sustaining the demurrer proceeded to weigh the evidence and to render judgment for the plaintiff. It was the duty of the trial court, as a trier both of the law and the facts, to eventually weigh the evidence, and there is no reason why this should not be done at the earliest possible time when no right of the defendant would be cut off or impaired by so doing.

If upon such demurrer by the plaintiff and request for judgment, the court weighs the evidence and renders judgment in favor of the plaintiff, and there is evidence reasonably tending to support the court's finding and judgment, such finding and judgment is conclusive upon appeal. As was said by our Supreme Court in the case of Lowrance v. Henry et al., 75 Okla. 250, 182 Pac. 489, quoting from the syllabus:

"In the trial of a law action, all of the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of the plaintiff's testimony, and after he had rested his case, defendants demurred to the evidence, and at the same time requested the court to render judgment in their favor as prayed for in their answers. The court sustained the demurrer, made special findings of fact, and rendered a decree in favor of the defendants. Held, that while the judgment of the court sustained the demurrer, yet, having made special findings of fact, it was obvious that the court weighed the plaintiff's testimony for the purpose of determining the rights of the respective parties, and the whole case being before the court, and there being evidence reasonably tending to support the court's findings, no reversible error was committed."

It follows that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.