### DUNN v. BIRMINGHAM STOVE & RANGE CO.

No. 22704. Jan. 29, 1935.

M. A. Breckinridge, for plaintiff in error.

Hulette F. Aby, William F. Tucker, and Frank Settle, for defendant in error.

RILEY, J. Plaintiff sued for an alleged balance due on the sale of certain stoves and ranges, attaching a verified itemized statement of its alleged account. Defendant answered by unverified general denial, and further alleged that plaintiff was at all times alleged in the petition a foreign corporation doing business in this state without license so to do from the state, and for that reason was not entitled to maintain or prosecute the action.

Plaintiff replied, alleging in substance that defendant was estopped from setting up the latter defense because of having theretofore filed an action in the district court seeking damages for the alleged breach of contract, under which said contract the account sued upon in this action arose.

The petition of plaintiff having alleged the correctness of the verified statement of account attached to its petition, and this allegation not being denied under oath, the only issues were whether defendant was entitled to commence and maintain the action in the first instance, and if not, whether plaintiff was estopped from asserting such defense.

A jury was waived and the cause was tried to the court. At the trial, defendant assumed the burden of proof. It was proved and undenied that plaintiff was a foreign corporation, and that it had not been licensed to do business in this state, and that it had shipped goods to defendant under a contract hereinafter set out.

The trial court sustained the demurrer of plaintiff to defendant's evidence and rendered judgment for plaintiff, and defendant appeals.

The only question, then, is whether there is any evidence reasonably tending to prove that plaintiff was engaged in business in this state, within the meaning of section 5432 to section 5438, inclusive, C. O. S. 1921 (secs. 9738, 130, 135, O. S. 1931) .That is: Intrastate as distinguished from interstate business. The only evidence relied upon on this point is the contract between the parties and a letter written by plaintiff to defendant.

The contract reads:

"Birmingham, Alabama,
"March 15, 1929.

"This is to certify that in consideration of the assurance of the Manhattan Furniture Company, of Tulsa, Oklahoma, that they will handle our line of gas ranges, and our coal and wood burning cook stoves, ranges and heaters, with exclusion of all others, and give us a substantial volume of business on them, we are constituting them as our exclusive agents in the city of Tulsa and will protect them in the exclusive sale of our entire line, including all brands thereof."

The letter relied upon is dated September 6, 1929, and the material part thereof, as quoted in defendant's brief (p. 44), reads:

"We received your wire of yesterday. It seems, Mr. Dunn, that our representative in Oklahoma has balled things up considerably, and, under the circumstances, we do not see anything else to do but ask you to cancel the exclusive contract. It is much to our regret that we do this, because it is not our usual way of doing business."

It is contended that this is sufficient to bring the case within Seidenbach's v. Little Co., 146 Okla. 247, 294 P. 126; Bailey v. Parry Mfg. Co., 59 Okla. 152, 158 P. 581, and Elliott v. Parlin & Orendorff Co., 71 Kan. 665, 81 P. 500.

The contention cannot be sustained. In each of the above cases title to property shipped by the foreign corporation into the other state, wherever such foreign corporation was not licensed to do business, was retained in the company, and was to be sold by the agent for the company at prices fixed by the company.

It was properly held in such cases that the foreign corporation was doing business in the state of Oklahoma in the two cases and the state of Kansas in the other.

The mere fact that a foreign corporation may have an agent or representative in this state is not proof that such corporation is doing business in this state. The further fact that it ships goods or merchandise into this state under contracts solicited or obtained by such agents in this state is not proof that such business is intrastate and not interstate business. Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 P. 872; Auto Trading Co. v. Williams, 71 Okla. 302, 177 P. 583.

The burden being upon defendant to prove its defense, the demurrer of plaintiff to defendant's evidence was properly sustained.

Since the trial court did not base its judgment on the question of estoppel pleaded in plaintiff's reply, we deem it unnecessary to discuss that question.

The judgment is affirmed.

McNEILL, C. J., and WELCH, PHELPS, and GIBSON, JJ., concur.