### BROOKS PACKING CO., Inc., v. EASTMAN LABORATORIES, Inc.

No. 29313. May 28, 1940.

*103 P. 2d 93.*

R. R. Linker and J. B. Coppedge, both of Tulsa, for plaintiff in error.

Mills & Cohen, of Tulsa, for defendant in error.

OSBORN, J. This action was instituted in the court of common pleas of Tulsa county by Eastman Laboratories, Inc., a New York corporation, hereinafter referred to as plaintiff, against the Brooks Packing Company, Inc., hereinafter referred to as defendant, to recover upon a contract for the purchase of a certain advertising service by defendant from plaintiff. The cause was tried to a jury and resulted in a verdict and judgment for plaintiff in the sum of $750, from which defendant has appealed.

The plaintiff alleged the execution of a contract with defendant whereby defendant agreed to purchase an advertising service consisting of pictures and drawings to be furnished by it to defendant at regular intervals; that plaintiff agreed to furnish what was designated as a "shadow box" type of neon sign especially designed for displaying the advertising, which sign was to become the property of defendant at the end of the one-year contract; that the agreed price of the service and the signs was $42 per week, payable every four weeks; that the contract contained an acceleration clause which, at the option of plaintiff, rendered all payments due upon default of any payment; that plaintiff had delivered the signs and preliminary advertising according to the terms of said contract, and payment therefor had been refused; that plaintiff was entitled to judgment in the sum of $2,184. Defendant's answer admitted the execution of the contract and alleged that it was induced to sign the same by fraudulent misprepresentations of plaintiff's agent; that the signs received were different from the sample displayed to defendant when the contract was executed. Defendant later amended its answer to include an allegation that plaintiff could not maintain the action for the reason that it is a foreign corporation doing business in this state without complying with the statutes regarding same; that the contract was void for lack of consideration; that the signs furnished by plaintiff under the terms of the contract were of a type the operation of which is forbidden by the ordinances of the city of Tulsa.

Defendant's assignments of error include alleged error in the refusal by the trial court to dismiss plaintiff's action because of allegations in defendant's an-

swer regarding failure of plaintiff to comply with statutes governing foreign corporations doing business in this state; error in refusing to admit evidence that the signs in question could not be legally operated in the city of Tulsa; and error in assessing the amount of the judgment in that said judgment is not sustained by the evidence. Defendant discusses the assignments under some half a dozen propositions.

An examination of the record reveals that the three general assignments, supra, are all that were presented in defendant's motion for new trial, and our consideration of the matter will therefore be limited to these questions. See Higbee v. Owens, 155 Okla. 93, 7 P. 2d 854, and cases therein cited.

With regard to the question of whether plaintiff's action should have been dismissed for alleged failure to comply with the statutes regarding admission of foreign corporations to do business in this state (sec. 9738, O. S. 1931, 18 Okla. St. Ann. 451, et seq.), it does not appear that defendant introduced any evidence to sustain its contention in this regard. Such evidence as was adduced throughout the trial of the case merely indicated that plaintiff had an agent in the state and shipped goods to customers under contracts negotiated by its agent. This is not sufficient to preclude plaintiff from bringing an action in this state upon such a contract. Dunn v. Birmingham Stove & Range Co., 170 Okla. 393, 44 P. 2d 86. Nor is it necessary for a foreign corporation to allege in its petition a compliance with the laws as to doing business in the state. White Sewing Machine Co. v. Peterson, 23 Okla. 361, 100 P. 513. The trial court correctly refused to dismiss the action.

Defendant's second contention is based upon the refusal of the trial court to admit evidence to the effect that requirements set forth in the contract, and performance thereunder, were in violation of the ordinances of the city of Tulsa. In this connection it is noted that the contract does not reveal that the signs were to be used in the city of Tulsa, exclusively. On the contrary, the two customers whose names were submitted by defendant to plaintiff for the purpose of having their firm names prepared by plaintiff's artists and inserted in the signs were located in the town of Sand Springs. The wording of the contract in this regard is "Tulsa territory". It appears that defendant now seeks to question the instruction to the jury to disregard this proposition, whereas in its motion for new trial this objection was based upon the failure to admit certain proposed evidence. The instruction complained of was given without objection on the part of the defendant, and it, having failed to question the instruction in its motion for new trial, cannot do so for the first time upon appeal.

The several cases cited by defendant have been examined and are found to be without substantial merit in arriving at a conclusion under the facts herein.

Defendant also complains that the instructions to the jury permitted a recovery by plaintiff on a basis of damages for breach of contract, and insists that this theory is not supported by the pleadings. The record does not reveal that defendant made any objection whatever to any of the instructions given, nor did it request any instructions upon any theory of the case. It cannot now complain.

Finally, defendant contends that the verdict and judgment are not supported by the evidence. Defendant's principal defense was alleged fraud in inducing defendant to sign the contract. The record reveals that defendant is a corporation engaged in the meat packing business, doing a gross business of $750,000 per year. The president of the company, who signed the contract in question, is an experienced business man who testified that he read the contract before signing it, and insisted upon certain changes therein, which were made before he affixed his signature. The evidence further reveals that the merchandise shipped by plaintiff was exactly as described in the contract. There was some conflict in the evidence as to

what was said by the parties prior to the execution of the contract, but the question of fraud in the inducement was submitted to the jury under proper instructions, and the evidence was such that the verdict and judgment were amply justified.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and DANNER, JJ., concur.