## NELSON, Adm'r, v. WOLVERINE PETROLEUM CORP.

No. 29776.   June 3, 1941.

Rehearing Denied Sept. 23, 1941.

117 P. 2d 787.

H. M. Curnutt, of Barnsdall, and Moss & Young, of Tulsa, for plaintiff in error.

J. Robert Ray, of Bartlesville, and Geo. W. Cunningham, Stuart R. Carter, Ralph J. May, and W. D. Simms, all of Tulsa, for defendant in error.

GIBSON, J.   This is an action for wrongful death. Judgment was rendered on a directed verdict for defendant, and plaintiff appeals.

The deceased was employed by defendant as a pumper on one of its oil leases. He and his 14-year-old son were found dead inside a small stock tank located on the lease, apparently asphyxiated by the poisonous gases arising from the crude oil and other substances, commonly called basic sediment, then in the tank.

Plaintiff alleged that his intestate met his death while performing his duties in the course of his employment; that he was attempting to remove the basic sediment from the tank by means of the implements furnished him by defendant and in the manner ordinarily employed in such case. The allegations of negligence are that defendant failed to furnish deceased with safe appliances suitable to the task in hand, and failed to provide a sufficient number of fellow servants to properly accomplish the work. There were other allegations of negligence, but they have been abandoned.

The answer was a general denial, a plea of contributory negligence and of assumption of risk.

The alleged unsafe appliance was a so-called ladder found in the tank at the time the bodies were discovered as aforesaid. The ladder was broken and, according to plaintiff's theory, probably collapsed when the deceased attempted his descent into the tank or his ascent therefrom.

Plaintiff's case with reference to the unsafe appliance was based almost entirely on circumstantial evidence. Had it not been for one fatal circumstance the evidence was sufficient to make out a prima facie case in this regard; the ladder, the alleged defective implement, belongs to that class of common tools and appliances which the master is not ordinarily required to inspect and keep in repair. In such case the servant is as competent to determine the quality and safety of the appliance as is the master, unless the contrary is made to

appear. The rule that the master must furnish safe tools is not applicable where the servant has equal knowledge with the master as to the safety thereof. Chicago, R. I. & P. Ry. Co. v. Lillard, 42 Okla. 109, 141 P. 8.

Here the undisputed evidence revealed that the deceased had far better knowledge of the ladder and its alleged defects than did the defendant. A common ladder belongs in that class of implements the character and use of which are understood by all ordinary men alike. In the Lillard Case, above, the court quotes with approval from Longpre v. Big Blackfoot Milling Co., 38 Mont. 99, 99 P. 131, as follows:

"The master is not required to inspect simple appliances, such as hammers, saws, spades, hoes, lanterns, push sticks, and the like, the character and use of which are understood by all alike. A tool of this class is so simple in its construction and so well understood by men of ordinary intelligence that it would seem absurd to say that the master should make a careful inspection of it before he commits it to the hands of his servant, who has the same capacity to understand its character and uses that he himself has. . . ."

In St. Louis & S. F. Ry. Co. v. Mayne, 36 Okla. 48, 127 P. 474, this court cited Meador v. Lake Shore & M. S. Ry. Co., 138 Ind. 290, 37 N. E. 721, and approved the holding therein that a ladder fell within the class above mentioned. In the Mayne Case the Indiana court was quoted as saying that "no contrivance could be simpler in its construction than this five-foot ladder—not even a hoe, an axe or a spade. Appellant had at least equal knowledge with the company as to the nature and condition of the ladder."

It is for the court to determine whether a tool or appliance falls within the classification of simple and ordinary implements. Such was the rule applied in the Mayne Case, above, wherein it was held that the fact that the servant was injured as a result of using a worn and dull auger bit furnished by the master was insufficient to show a violation by the master of any duty owing

to the servant. The syllabus of that case reads as follows:

"An auger bit, the cutting points of which have become shortened and dull from use and frequent sharpening, is an ordinary simple tool, with the use and condition of which a servant of experience has as much or greater knowledge than the master, and where a servant, with twelve years' experience as a carpenter, is injured while boring a hole with such tool, and the only negligence relied on or attempted to be proven, is such defect, of dull and worn condition, it not being claimed that it broke, or was otherwise out of repair, held, that the evidence fails to show a violation by the master of any duty owing to the servant, and that the judgment is therefore not supported by evidence."

The deceased had at least equal knowledge with the defendant as to the nature and condition of the ladder. This is revealed by uncontradicted evidence. Plaintiff therefore failed to establish primary negligence on defendant's part in this respect.

As to the charge that the defendant failed to employ a sufficient number of fellow servants, there is no evidence in the record to indicate that other workmen were necessary to perform the task in hand.

For the reasons above, the judgment is affirmed.

WELCH, C. J., and RILEY, HURST, and DAVISON, JJ., concur.