## ANTHONY v. COLVIN.

No. 30070. Jan. 20, 1942.

Rehearing Denied Feb. 10, 1942.
Application for Leave to File Second Petition for Rehearing Denied Nov. 24, 1942. Third Petition for Rehearing Denied Feb. 9, 1943.

130 P. 2d 819.

John R. Miller, L. O. Lytle, and Roy T. Wildman, all of Sapulpa, for plaintiff in error.

Speakman & Speakman and Heber Finch, all of Sapulpa, for defendant in error.

BAYLESS, J. C. G. Colvin filed an action in the district court of Creek county against his employer, S. W. Anthony, to recover damages for personal injury alleged to have been suffered in the course of his work as a result of the negligence of the master. Plaintiff alleged that the defendant did not carry workmen's compensation insurance as required by law and by virtue of section 13352, O. S. 1931, 85 O.S.A. § 12, he was authorized to sue in a civil action to recover his damages. It was stipulated that defendant did not carry insurance for his employees, from which we infer: (1) That the nature of his operations obliged him to comply with the act; and (2) that the action was properly filed. The verdict of the jury was for plaintiff, and defendant appeals from the judgment based thereon.

Plaintiff was engaged, with a crew of four or five men, doing work around an oil well. The men were placing a shoe on a length of 6" casing. The end of the length of casing was threaded, as was the shoe, and this shoe was being screwed onto the casing. It is customary with this operation to apply power by the use of tongs to screw such a shoe on as firmly as desired. This length of casing was 21 feet long, and rested on two pillars of wood (about 4" x 4") which in turn rested on a casing walk. This casing was extended west from the derrick floor, was flush therewith, was composed of two heavy timbers 16 inches wide and 27 feet long, and was about 28 inches above the ground. The tongs have a long handle, a head, with an angular mouth that is called "diamond shaped," and a length of chain extending from one side of the mouth. Both the mouth and chain are studded with teeth. The mouth of the tongs is placed against the casing, the position being determined by the direction in which power is to be exerted and the degree of power desired. The chain is then wrapped around the casing and

the free end caught in the other side of the mouth and firmly held. The design being to apply the mouth and chain against the surface as firmly as can be, in order that the teeth will bite against or into the casing. The same is done when placing the tongs on the shoe. In this instance a set of tongs was placed about four feet from the west end of the casing, so placed as to hold the casing steady and to exert a resistance or power counter to the direction in which the shoe would be turned. These are referred to as "back-up tongs." Another set of tongs was placed around the shoe. One crew member, on the casing walk, semi-squatted over these tongs and adjusted the chain from time to time. One crew member stayed with the back-up tongs. Two or three crew members, including plaintiff, stood on the south side of the casing walk and, using the tong handle as a lever, applied the power.

It is conceded that while power was being thus applied, the tongs on the shoe slipped. Plaintiff says he suffered an injury as a result. In this connection defendant makes some argument that (1) plaintiff was not an employee at the time of his alleged injury, and (2) that he did not suffer the injury and damages claimed. The first point is not pressed and the evidence on the point is not conclusive either way. The jury's verdict against defendant must be accepted as determinative of this issue against him. There is clearly evidence sufficient to support the jury's verdict on the second point, both as to cause and effect.

The first contention argued relates to the competency of a juror to serve in the trial. We do not know what was asked or learned respecting this juror on the voir dire. The trial was interrupted to inquire into the matter. The juror stated he had been living in another county for several years, that he regarded Creek county as his legal residence, and that he claimed and was allowed exemption from jury service in the other county on his claim of residence and citizenship in Creek county. Thereupon, the trial judge declared him competent to serve as a juror in this case. We are cited our statute (sec. 805, O. S. 1931, 38 O.S.A. § 10) defining the qualifications for and grounds for exemption from jury service generally. We observe nothing in the language of this statute that is helpful on the issue presented. The language ". . . are competent jurors to serve . . . within their counties . . ." still leaves for determination the issue: What is the county wherein a juror is competent? Defendant argues, but cites no authority in support, that an individual may not leave a county wherein he is competent to serve as a juror and live in another county for several years without losing his status in the first county, unless he is a public official forced by the duties of his office to live away from home. We do not agree. We think any citizen may establish his civil status in a county and preserve it although he resides temporarily elsewhere, if that is his intent and his course of conduct is consistent with the intent. We think this juror fulfilled these requirements. As pointed out by plaintiff, the trial courts are vested with a large discretion in passing on issues of this nature, Rice v. Emerson, 181 Okla. 51, 72 P. 2d 498, and other Oklahoma cases.

Next, complaint is made that counsel for plaintiff continually asked leading questions, and the trial court refused to exercise a proper discretion in restraining this. Part of the record is quoted to illustrate the point. We have also examined the record. It appears that plaintiff's counsel was not as observant of the rules in this respect as is required, but in the zeal of a trial transgressions may occur. In several instances counsel admitted the merit of the objection; in other instances the trial court sustained the objections; but in other instances the trial court permitted the questions to be answered despite objections that appear to be meritorious. However, upon consideration of this aspect of the trial, we cannot say that the defendant was prejudiced by these rulings. In making objections to questions defendant's counsel did not differentiate between so-called leading questions.

asked experts and similar questions asked other witnesses, and, as plaintiff has shown, many objections were without merit.

Defendant's third proposition relates to the admission of incompetent evidence. We have considered the instances pointed out in the briefs, and feel that this proposition is entirely without merit.

Defendant's fourth and tenth propositions are considered together. Proposition 4 relates to the trial court's rulings on the demurrer to plaintiff's evidence and motion for directed verdict; and proposition 10 complains of the denial of defendant's motion for judgment non obstante veredicto. Proposition 10 is without merit. It is clear to us that plaintiff's petition states a cause of action. In passing, we have observed that defendant did not challenge the petition by demurrer. Plaintiff set out four instances of failure of defendant to perform his duty toward plaintiff, and relies on these as acts of negligence causing his injury and damage. These may be stated thus: (1) The tongs furnished by defendant to plaintiff, and his fellow employees, were old and were worn until they would not grip the shoe, and were therefore likely to slip; (2) the tongs were improperly placed around the shoe; (3) the casing walk was unsafe because it was worn and covered with small pieces of tin, and was slippery because of the presence of oil and grease thereon, and (4) the casing should have been placed on the ground or attached to the elevator while the shoe was fitted.

Defendant has attacked these points singly and separately in an effort to show that the evidence is not sufficient in law to sustain any one of them. Plaintiff has controverted this by citation of evidence he asserts is sufficient, and by reliance on Beasley v. Bond, 173 Okla. 355, 48 P. 2d 299, to support his contention, that separate elements of negligence must be considered both singly and as a unit in weighing the evidence by a demurrer.

We think No. 2 must be eliminated from consideration. There is no direct evidence on this. There is only the explanation of the expert that this could have been one of two or three causes for the tongs slipping. We would not be willing to sustain a verdict based on this evidence on this point alone. But plaintiff is not required to rely on it alone, for there is positive evidence on other points upon which plaintiff can rely. The presence of this positive evidence on the other points inevitably precludes any reliance on this point based on conjecture alone.

As to point No. 3, the evidence is none too strong. It consists of plaintiff's testimony alone, and, as defendant points out, this is greatly reduced in effectiveness by the uncertainty or indifference apparent in all of plaintiff's evidence as to where he was standing. We pass this point with this observation: Plaintiff says the condition of the casing walk and the uncertainty whether he was standing on the walk or on the ground are largely immaterial in the light of the evidence on the other points.

On the issue of fact whether the tongs were worn and incapable of safe use, the evidence is in conflict. There was opinion evidence both ways. The tongs were demonstrated before the jury.

In this connection, there was evidence that tongs being used as these were would slip under the best of conditions and despite the utmost care by all concerned. This then brings into consideration the charge that the casing should have been on the ground or hung in the elevator because of this known contingency.

Defendant says that neither of the last two points is sustained by evidence applicable to each alone. Plaintiff argues that the jury was justified in finding from the testimony of witnesses and their own observation that the teeth of the tongs were old, worn, and incapable of biting into the shoe, and slipped for that reason; or the jury was justified in believing that the tongs were adequate but were likely to slip despite all

precautions. The first finding alone is sufficient to sustain the verdict, or both findings together are sufficient to sustain the verdict on the theory that the casing should have been on the ground or hung in the elevator to protect the workmen from injury while thus working on it.

We agree with the plaintiff's view of this matter. We feel that there was sufficient evidence to sustain either finding, and that the two may have been combined in their effect on each other by the jury. No error was committed in overruling the demurrer to the evidence or in denying the motion for directed verdict.

Before leaving these propositions, we must discuss an issue raised by defendant in his reply, surreply, and supplemental briefs. Defendant urges that the tongs are to be classed as simple tools, and that the rule of law relating to the master's duty in respect to such tools excuses the defendant in this case. Nelson v. Wolverine Pet. Corp., 189 Okla. 351, 117 P. 2d 787; and other Oklahoma cases. One of the elements of the simple tool rule is the equal opportunity of the workman with the master to inspect the tool being used. The evidence shows that this man's duties were not such as to give him the requisite opportunity of inspection of the tool being used. For this reason we are unwilling to apply this rule in this case.

Defendant next complains of the failure of the trial court to submit certain interrogatories to the jury as requested by defendant. Section 370, O. S. 1931, 12 O.S.A. § 588, authorizes this. Defendant discusses these interrogatories, and they reasonably touched upon vital aspects of the case. Plaintiff has not discussed this aspect of the case. Defendant does not go beyond the simple statement that the refusal to submit the interrogatories constituted reversible error. The statute does not require the giving thereof. A large descretion is vested in the trial court (Schwarze v. New Amsterdam Cas. Co., 136 Okla. 51, 275 P. 640), but the exercise of that discretion contrary to defendant's request is not erroneous standing alone. Defendant does not point out prejudice arising therefrom, and we perceive none.

In the sixth proposition defendant complains of the refusal of the court to give certain instructions to the jury as requested by the defendant. There are 17 of these requested instructions. We have studied them, and they fall into two general classes: (1) Some that clearly are not meritorious, they being entirely too narrow a statement of the issue of law or fact touched on or virtually instructions to find for the defendant upon issues of fact as to which the evidence is in conflict; and (2) some that are entirely proper, but, to our way of thinking, covered by instructions given.

We consider the seventh and eighth propositions together. Seven relates to the failure of the trial court to correctly state the issues to the jury, and eighth relates to the alleged error in giving certain numbered instructions. Seven covers the statement of the issues made by the trial court to the jury, and we notice that this statement is virtually a verbatim statement of the contents of the pleadings. Plaintiff calls our attention to the fact that the record discloses defendant omitted to preserve his record on these points in a manner that entitles him to challenge our attention. To each of the instructions given about which complaint is made, defendant noted exception but did not have the trial judge authenticate the same by signing the exception. This is mandatory by virtue of our statute, section 360, O. S. 1931, 12 O.S.A. § 578, as construed by us in Chowins v. Gypsy Oil Co., 185 Okla. 630, 95 P. 2d 586, and other decisions.

Other propositions are argued relating to alleged improper argument by plaintiff's counsel, errors and irregularities in the trial proceedings, and the overruling of the motion and supplemental motion for new trial. After considering the record on these points and the argument of counsel thereon, we are of the opinion that error was not committed in any of these respects.

480

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur. ARNOLD, J., dissents. RILEY and DAVISON, JJ., absent.

---

On Rehearing.

ARNOLD, J. (dissenting). I concede that the plaintiff in this cause stated grounds of negligence; in addition to negligence he alleged that the injury sustained by him fell within the purview of and was covered by the Workmen's Compensation Act. In this connection he also alleged that his employer failed to comply with the requirements of the Workmen's Compensation Act as to procurement of compensation insurance, and that by reason of such failure to comply with the act in this regard the defendant was subject to a common-law action for his negligence, which resulted in the injury complained of by the plaintiff, without the benefit of the ordinary common-law defenses of contributory negligence, assumption of risk, etc. The defendant stipulated that he did not comply with the act and, in effect, admitted that he was subject to a common-law action for negligence without such common-law defenses.

I also concede that the evidence on the part of the plaintiff was ample to sustain a finding that the defendant was negligent and that his negligence was the direct and proximate cause of plaintiff's injury.

The record discloses that the defendant did not save exceptions to any of the instructions as required by 12 O. S. 1941 § 578, but he did call to the attention of the court his objection to practically all of the instructions by writing thereon "Given by the Court and excepted to by the defendant. Moss & Young and Miller, Lytle & Wildman, Attys. for Deft." However, he did not procure the signature of the judge allowing his exceptions as required by the foregoing provision of our statute.

I further agree that all errors committed by the trial judge in his instructions on nonfundamental matters were waived by the defendant by his failure to comply, in the manner pointed out, with the foregoing statute. However, fundamental errors in the instructions of the trial court do not have to be called to the attention of the court in any prescribed statutory manner.

It is the duty of a trial court to instruct the jury on all issues between the parties litigant. See 12 O. S. 1941 § 577, subd. 6. The trial court, in the instant case, should have instructed the jury, on its own motion, on the issues raised by the pleadings and evidence, and on appeal this court should review the instructions, even in the absence of exceptions thereto, to determine whether they are free from fundamental error.

In Mason v. McNeal, 187 Okla. 31, 100 P. 2d 451, we held:

"Where exceptions are not saved to instructions as required by section 360, O. S. 1931, 12 Okla. St. Ann. § 578, this court will review such instructions only to determine whether they are free from fundamental error."

In the body of the opinion, at page 453, we said:

"But, where, as here, no exceptions are saved, the review will be confined to prejudicial error, erroneous statement of fundamental law, appearing upon the face of the instructions. See, also, Williams v. Otis, 155 Okla. 173, 8 P. 2d 728."

See, also, in this connection, 39 Am. Jur. § 120, at page 131; First National Bank v. Cox, 83 Okla. 1, 200 P. 238; Mills v. Hollinshed, 82 Okla. 250, 200 P. 200; Liberty National Bank v. Semkoff, 184 Okla. 18, 84 P. 2d 438; and Harris et al. v. Smith, 149 Okla. 277, 300 P. 392.

This cause of action is founded solely and entirely upon alleged acts of negligence. The trial court, in its instructions to the jury, never as much as intimated what acts of negligence the plaintiff relied on. From the instructions given you cannot possibly tell

what acts of negligence the case and judgment are founded upon.

This additional circumstance is called to our attention in this case which, under all the circumstances maintaining, no doubt prejudiced the defendant's rights. The trial court not only wholly failed to tell the jury what acts of negligence the plaintiff relied upon, but told the jury that the plaintiff contended that the defendant failed to carry compensation insurance as provided by our Workmen's Compensation Act, and that he was for this reason, therefore, suable in a common-law action for negligence. The effect of this instruction, in my judgment, was prejudicial to the defendant, for it, no doubt, had the effect of producing in the minds of the jurors the conclusion that the plaintiff's right to recover rested upon defendant's failure to comply with the Workmen's Compensation Act in regard to compensation insurance. By reason of the stipulation of the defendant hereinbefore referred to, the matter of the jurisdiction of the district court to entertain and try the suit based on the negligence of the defendant was not an issue for either the court or the jury. Under the circumstances, no instruction was necessary and the instruction given was, in my judgment, prejudicial to the defendant and constituted fundamental error.

The cause should be sent back for a new trial.

I respectfully dissent.