## LEIERER v. THOMPSON.

No. 30357.   Feb. 17, 1942.

*122 P. 2d 387.*

M. F. Priebe, of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

PER CURIAM. This appeal is prosecuted from an order which sustained a demurrer to the second amended petition of the plaintiff in error and a judgment entered in favor of the defendant in error for costs. The parties appear here in the same order as they did in the trial court, and will be referred to as plaintiff and defendant.

The second amended petition of the plaintiff alleged, in substance, that the defendant was the owner of farm and town property, and that plaintiff had been employed by defendant to perform services incident to those of a common laborer on the premises which belonged to the defendant; that the duties of the plaintiff sometimes required him to use an ordinary claw hammer, and that the defendant had furnished plaintiff with a hammer for such use; that the hammer so furnished was defective in that the metal thereof was soft and the hammer would spread, chip, and round; that plaintiff informed the defendant that said hammer was defective and unsafe for use and that thereafter the defendant took said hammer and had the head thereof ground and the defects therein apparently eliminated, and that defendant had then returned the hammer to the plaintiff with the advice that the same was in a good and safe condition and suitable for use; that plaintiff had accepted such hammer as being a safe and suitable tool and had proceeded to use the same in his work, and that after using said hammer for a period of a day and a half a piece of metal flew off the head

and struck plaintiff in his right eye injuring said member, causing plaintiff to have to seek medical and hospital attention and to subsequently lose the sight of said eye. The plaintiff further alleged that the injury so sustained was the direct and proximate result of the negligence of the defendant in furnishing him with an unsafe tool with which to work.

The sufficiency of the foregoing petition to withstand a demurrer is the issue here presented for determination. The plaintiff contends, in substance, that since he had informed the defendant concerning the defective character of the hammer, this, in effect, imposed an absolute duty upon the defendant to furnish the plaintiff with a hammer which was free from any defects, and that the act of the defendant in having the hammer repaired did not discharge him from the liability which rests upon a master to furnish his servant with safe tools with which to work. In support of the contention so made we are cited to the cases of Chicago, R. I. & P. R. Co. v. Lillard, 62 Okla. 63, 161 P. 779; Missouri-Kansas-Texas R. Co. v. Highfill, 146 Okla. 84, 293 P. 182, and St. Louis-S. F. R. Co. v. Sears, 173 Okla. 483, 49 P. 2d 489. An examination of the cases so cited will reveal that they are authority for the rule where a master has furnished a servant with a simple tool known to be defective and has instructed the servant to use such tool until such time as a repair thereof can be made or else a different and safe tool furnished, that then the master assumes liability for any injury which may result from the use of such defective tool for a reasonable length of time thereafter. The facts as pleaded by the plaintiff, however, do not bring his case within the exception set forth in the cited cases. On the contrary, under the allegations of plaintiff's second amended petition, his injury was due solely to a latent defect in a simple tool the safety and suitability of which the plaintiff had equal opportunity with his master to ascertain. As said in Nelson v. Wolverine Petroleum Corp., 189 Okla. 351, 117 P. 2d 787:

"The rule that the master must furnish safe tools is not applicable where the servant has equal knowledge with the master as to the safety thereof. Chicago, R. I. & P. R. Co. v. Lillard, 42 Okla. 109, 141 P. 8, 9."

A hammer is perhaps one of the simplest of all tools (Woodruff v. Phillips, 138 Okla. 77, 280 P. 449), and as said in Longpre v. Big Blackfoot Milling Co., 38 Mont. 99, 99 P. 131:

"A tool of this class is so simple in its construction and so well understood by men of ordinary intelligence that it would seem absurd to say that the master should make a careful inspection of it before he commits it to the hands of his servant, who has the same capacity to understand its character and uses that he himself has."

See, also, St. Louis & S. F. R. Co. v. Mayne, 36 Okla. 48, 127 P. 474, 42 L.R. A. (N. S.) 645.

Since the allegations of the plaintiff's petition were insufficient to charge the defendant with any negligence, a verdict in his behalf could not have been sustained; on the contrary, a verdict of necessity would have had to be directed in favor of the defendant. This being the situation, there was no error in sustaining the demurrer to the plaintiff's second amended petition.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.