LOGAN v. LOGAN et al.

No. 32389.   April 30, 1946.

*168 P. 2d 878.*

George W. Miller, of Ponca City, for plaintiff in error.

Charles D. Reed and Doggett & Doggett, all of Ponca City, for defendants in error.

DAVISON, J. This appeal concerns an action between Barto Logan and Emma Eugenia Logan, otherwise known as Jean Logan, his wife, for a divorce and custody of said parties' minor daughter, Carolyn Jean Logan. Due to Barto's absence from the United States as a member of the United States Marine Corps, he wrote his father, J. E. Logan, to have the proceedings commenced, sending the father a personal check written on his and his wife's joint account in a Ponca City bank for the entire balance therein of $220.39. With $60 of this sum Mr. Logan paid the wife's attorney's fee and made an initial court cost deposit of $10. To the petition thereafter filed on behalf of Barto Logan, as plaintiff, a petition to make more definite and certain was filed, among other pleadings, on behalf of his wife, as defendant. After said motion was overruled, said defendant not only filed an answer and cross-petition against plaintiff asking that she be granted the divorce and custody of the child, but also named J. E. Logan as a defendant and filed a cross-petition against him seeking recovery of the sum withdrawn from the parties' joint bank account, as aforesaid.

At the trial thereafter had, Mrs. Logan interposed a demurrer to plaintiff's evidence, but when that was overruled and an exception allowed her to said ruling, she proceeded with the introduction of evidence in her own behalf. At the close of the trial the court entered judgment denying Mrs. Logan any recovery on her cross-petition against J. E. Logan; granting her a divorce on her cross-petition against plaintiff; and awarding her custody of the child only until September 1st of that year (1945) and the summer months of subsequent years with custody in the paternal grandparents, Mr. and Mrs. J. E. Logan, from September 1, 1945, to the end of the school term in May, 1946, and the school months of subsequent years. The decree also gave both plaintiff and defendant the right of visitation at reasonable times, "even to the extent of having custody . . . over Sundays occasionally," and reserved the right to reconsider the matter of custody upon application of either of the parties. The wife was also awarded all of the parties' furniture and real estate, consisting of two lots in Ponca City, together with the house trailer and improvements thereon.

From said judgment and decree, Mrs. Logan has perfected this appeal, naming both her former husband and her father-in-law as defendants in error. In the interest of clarity and brevity, the husband and wife, as principal parties

to the action, will be referred to as plaintiff and defendant, respectively, and the father-in-law will be designated merely by name.

Defendant contends that the trial court erred in overruling her motion to make plaintiff's petition more definite and certain. Her motion for a new trial, however, set forth only three assignments of error, as follows, to wit:

"1. That the judgment is not sustained by sufficient evidence and is contrary to law.

"2. Error of law occurring at the trial and excepted to by the defendant, Jean Logan.

"3. Error of the court in overruling the demurrer of the defendant, Jean Logan, to the evidence of plaintiff."

Thus it will be seen that the only general ground for a new trial set forth in defendant's motion therefor was the second one, to wit: "Error of law occurring at the trial. . ." The court's alleged error in overruling the motion to make more definite and certain was not an error "occurring at the trial" (Belcher v. Spohn, 170 Okla. 139, 39 P. 2d 87), and it is well settled that an alleged error not called to the trial court's attention in a motion for a new trial will not be reviewed on appeal. In this connection, see Hurt v. Garrison, 192 Okla. 66, 133 P. 2d 547; Brooks Packing Co. v. Eastman Laboratories, 187 Okla. 344, 103 P. 2d 93; Altus v. Tinsley, 185 Okla. 602, 95 P. 2d 635; Coakley v. Phelan, 179 Okla. 515, 66 P. 2d 19; Nease v. National Bank of Commerce, 174 Okla. 270, 50 P. 2d 312; Bilby v. Gibson, 133 Okla. 196, 271 P. 1026; Akin v. Bonfils, 47 Okla. 492, 150 P. 194; O'Neil v. James, 40 Okla. 661, 140 P. 141; Haynes v. Smith, 29 Okla. 703, 119 P. 246.

The defendant also contends that the court erred in overruling her demurrer to plaintiff's evidence, but as she failed to stand on said demurrer and proceeded with the introduction of evidence after said ruling, any error the trial judge may have committed in that particular will not be considered ground for reversal, if the evidence as a whole sustains the judgment. See Merchants' Transfer & Storage Co. v. Ft. Smith Couch & Bedding Co., 105 Okla. 195, 232 P. 79; Kali Inla Coal Co. v. Ghinelli, 55 Okla. 289, 155 P. 606; Porter v. Wilson, 39 Okla. 500, 135 P. 732; Meyer v. White, 27 Okla. 400, 112 P. 1005.

Defendant also assigns as error the trial court's action in allowing one of the witnesses to testify that she is "temperamental." Her counsel objected to this testimony on the ground that it was a mere conclusion of the witness and now makes the bare assertion that it was inadmissible, without setting forth supporting argument or authorities. Therefore, the contention will not be dealt with any further than to say that if such admission was error, in our opinion it was harmless, as the record discloses evidence of said defendant's conduct that might indicate the same trait and it does not affirmatively appear that the trial judge's decision was influenced by said witness's opinion. See Gilliland v. Snedden, 195 Okla. 601, 159 P. 2d 734; Wistar v. Whitewing, 189 Okla. 292, 116 P. 2d 565; Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22; Stow v. Bruce, 178 Okla. 127, 61 P. 2d 1043; Oskison v. Bagby, 172 Okla. 569, 46 P. 2d 331; also Jones v. Denton, 192 Okla. 234, 135 P. 2d 53; First Nat. Bank in Tonkawa v. Beatty, 172 Okla. 47, 45 P. 2d 158.

Defendant's principal contention is that the trial court's judgment is not sustained by sufficient evidence and is contrary to law in two particulars. This is said to be true, first, of its failure to grant defendant recovery from J. E. Logan of the $220.39 he withdrew from the plaintiff's and defendant's joint bank account on the check mailed him by plaintiff. As hereinbefore shown, a portion of the proceeds of this check was expended for court costs and defendant's attorney fee. The evidence discloses that the remainder of said proceeds was remitted to plaintiff by

his father. Counsel calls our attention to evidence indicating that something like $20 of this sum was what remained in the account from earnings and government allotment checks defendant had deposited, but he fails to show wherein the judgment was contrary to law in failing to award this money to defendant. The evidence reveals that $200 deposited in said account by plaintiff before he went into the Marines represented the proceeds of the sale of his automobile. The defendant sought no alimony and testified she desired none. The judgment awarded her all of the property, both personal and real, that she and her husband were shown to have owned, except this money in the bank, and granted her $30 per month for child support during the months that the child was to be with her. The evidence showed that the property was worth several times the amount of money in the account. We know of no law or rule that would necessitate awarding her a larger portion of the parties' joint property than she received. There is no definite or arbitrary amount to which a wife is entitled. This court has said that in arriving at a just division of such property, consideration should be given the husband's financial status as well as the wife's necessities. Reed v. Reed, 182 Okla. 149, 77 P. 2d 30. The division should be fair and equitable (Van Horn v. Van Horn, 189 Okla. 624, 119 P. 2d 825), but not necessarily equal, and great latitude is allowed the trial judge in exercising his discretion in the matter. Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556; Tobin v. Tobin, 89 Okla. 12, 213 P. 884. We cannot say the trial court abused its discretion in this instance merely because it failed to award defendant the money in question in addition to all the rest of the property.

Defendant also contends that the trial court erred in his award of child custody. It is argued that if said court "found enough evidence to grant defendant a divorce because of her husband's wrongful acts, then it should have gone one step further and awarded her custody" of Carolyn Jean, especially as the latter is only five or six years of age. It is said that the decree in this respect is just the opposite or reverse to most such decrees wherein mothers are given custody of children of tender years for the majority rather than the minority or "summer vacation" part of the year. The parties seem to agree that the situation here is governed by 30 O.S. 1941 § 11, the material parts of which are as follows:

"In awarding the custody of a minor . . . the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; . . .

"2. As between parents adversely claiming custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother, if it be of an age to require education and preparation for labor or business, then to the father."

In support of defendant's position, it is pointed out that the court made no finding as to her unfitness as a mother, and previous expressions of this court are cited for her contention that the trial court erred in its award of custody to plaintiff, without proof of such unfitness. The rule contended for has properly been applied in contests over child custody between a parent and third parties, but such rule has no application to this case. See Goertzen v. Goertzen, 194 Okla. 207, 148 P. 2d 982. At the trial there was no such issue between the defendant and the grandparent, J. E. Logan. The only issue between them arose out of Logan's temporary possession of the funds hereinbefore described. It is plain from the remarks of the trial judge immediately before entering judgment that he regarded Carolyn Jean, while living in the J. E. Logan home during her father's absence in the Marines, as being in his custody.

It must be borne in mind that under the statute herein before quoted, neither parent is entitled to custody of the child as a matter of right; that the best interest of the child is the prime consideration, and that it is only where other things are equal that the statute says "if the child be of tender years, it should be given to the mother. . . ." Our task then resolves itself into the matter of determining from the evidence whether this is a case wherein "other things (are) equal," as it seems to be conceded that the child involved is "of tender years" within the meaning of the statute. After settling this question we can then determine whether or not the trial judge abused his discretion in the matter of custody.

The record discloses that plaintiff and defendant were married when defendant was barely more than 15 years of age and that she was only 16 when the child was born; that the parties were separated at various times, divorced in June, 1943, and remarried in August, 1944; that much of the time since her birth, Carolyn Jean has lived in the home of, and been cared for by, her grandparents, Mr. and Mrs. J. E. Logan, while her mother was working and her father was in the service of his country. There was testimony, denied by defendant and some of her witnesses, the general import or substance of which was the defendant had been neglectful, indifferent and perhaps harsh toward the child at times. It further appears that for several months defendant has lived with her mother in Wichita, Kan.; that both defendant and her mother are compelled to work away from their abode for their livelihood and it does not appear that any other person is in a position to devote much of his or her time or attention to caring for the child, except her paternal grandparents, who, as far as the record discloses, have cared for her in a commendable manner while she was living in their home. If their true feelings and concern for the child can be judged from their testimony, it is quite likely

that Mr. and Mrs. J. E. Logan are earnest as well as zealous and capable in looking after her welfare and best interests. The trial judge was evidently of the opinion that until the defendant's economic, social or living condition changed, the child's temporal, mental and moral welfare would not be equally as well served by living with her as by living with the grandparents. We cannot say from our careful examination of the record that he was incorrect in such conclusion. As has often been said, the trial court "was in a much better position to determine what was for the best interest of the child than this court." Hamann v. Miesner, 148 Okla. 50, 297 P. 252; Snow v. Smith, 44 Okla. 312, 144 P. 578. Having found that his judgment is neither contrary to law nor to the evidence, we cannot say that he abused the discretion with which trial courts are vested in such matters.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur.