## CHANCELLOR v. CHANCELLOR.

No. 33745. Dec. 6, 1949.
Rehearing Denied Jan. 31, 1950.

*214 P. 2d 261.*

McKinney & McKinney, of Oklahoma City, for plaintiff in error.

Harold Dodson, of Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from an order of the district court of Oklahoma county allowing revival of a dormant judgment and substituting curator (guardian) as judgment creditor.

April 11, 1942, in a divorce action, commenced by R. P. Chancellor, defendant, Rosalie Chancellor on a cross-petition obtained a decree of divorce from said plaintiff and judgment for alimony in the sum of $1,200, payable in 40 monthly installments of $30 each, commencing May 1, 1942.

No payments were made on said judgment, and on February 2, 1948, the defendant, Rosalie Chancellor, filed in said cause a motion to revive the judgment.

Notice of hearing of said motion of February 12, 1948, was issued and served by the sheriff. February 12, 1948, plaintiff, R. P. Chancellor, filed his special appearance and motion to quash notice and the service thereof upon the ground that "same was not issued, served and returned according to law."

On the same day the court heard and overruled said motion and plaintiff saved his exception. Thereupon, plaintiff filed a demurrer to the motion to revive the judgment

"for the reason, and upon the grounds that said Motion To Revive Judgment does not state facts sufficient to give this court jurisdiction to revive said judgment and does not constitute a cause of action in favor of the defendant, (plaintiff) Rosalie Chancellor by and through Charles V. Rasato, and against said defendant."

The court heard and overruled said demurrer, whereupon plaintiff elected to stand on his demurrer and gave notice of intention to appeal to the Supreme Court. Thereupon, the court heard and considered the motion to revive and substitute the guardian as judgment creditor, and entered an order that:

"the said Charles V. Rosato, the duly appointed, qualified and acting Curator or Guardian of Rosalie Chancellor, be and he is hereby substituted as judgment creditor in lieu of and on behalf of Rosalie Chancellor herein."

And:

"It is the further order of the court that the dormant portion of said alimony judgment the payments from June 1, 1942 to date of this motion and

order be, and the same are revived, and the judgment creditor shall issue execution thereon or such other order as by law provided, to all of which plaintiff excepts and the exceptions of plaintiff, R. P. Chancellor, allowed."

Plaintiff, R. P. Chancellor, appeals, setting forth three assignments of error as follows:

"1. The trial court erred in overruling plaintiff in error's special appearance and motion to quash notice of hearing of motion to revive.

"2. The trial court erred in overruling plaintiff in error's demurrer to the motion for revivor.

"3. The trial court erred in entering order for revivor of dormant part of judgment."

The first assignment is not presented in the brief of plaintiff and will be treated as abandoned. The second assignment is without merit. The application for an order of revivor, quoted above, is sufficient as against a general demurrer, to show that defendant, Rosalie Chancellor, is entitled to have that part of the judgment which had become dormant revived. The rule is that if a petition is sufficient to show that plaintiff is entitled to any relief, it is good as against a general demurrer. Hudson v. Smith et al., 171 Okla. 79, 41 P. 2d 861.

Plaintiff contends that said application is insufficient for failure to comply with Title 58 O. S. 1941 §§863-865. Section 861 provides for the appointment of a guardian for any person who is a nonresident of the state, and who is liable to be put under guardianship under the provisions of the chapter of the statutes of this state relating to guardianship. (Chapter 64, Revised Law of 1910, now incorporated in Title 58 O. S. 1941.)

Section 862 prescribes the powers and duties of a guardian appointed under section 861. Section 863 requires a bond and an inventory of that part of the estate located within this state. Sections 864 and 865 apply only to the proceedings where an application is made for removal from this state of any part of the estate of the ward. There is no application in this case to remove from this state any property belonging to Rosalie Chancellor. Therefore, the provisions of sections 864 and 865 have no application.

There was no error in overruling plaintiff's demurrer to motion for revival.

The third assignment of error is that the court erred in entering the order reviving the dormant part of the judgment and in substituting Charles V. Rosato for Rosalie Chancellor as judgment creditor.

It is contended that the order of revival is erroneous because the record shows that Rosalie Chancellor is a nonresident of this state, and that Charles V. Rosato, her guardian, is also a nonresident of this state and was appointed curator (guardian) of said Rosalie Chancellor by a court in the State of Louisiana, and has never been appointed as her guardian in this state, by ancillary proceedings, or otherwise, and is, therefore, unauthorized to sue or apply for revival of a dormant judgment on behalf of Rosalie Chancellor in this state. There might be some merit in this contention had the question been properly raised below. It is well settled in this state that where a defect of parties is not raised by a demurrer or answer, it is waived. Hatten, Rec., v. Interocean Oil Co., 182 Okla. 465, 78 P. 2d 392; Tudor v. American Investment Co. of Enid, 163 Okla. 274, 21 P. 2d 1056; Hi-Power Gasoline Co. v. Lockwood, 119 Okla. 82, 248 P. 620; Harrah State Bank v. School District No. 70, Oklahoma County, 47 Okla. 593, 149 P. 1190.

Where it is claimed that lack of capacity to sue appears on the face of plaintiff's pleadings, the objection thereto should be taken by demurrer and the grounds must be specifically stated. 47 C.J. 181. In this case the demurrer of plaintiff to the motion to revive goes only to the sufficiency of the

facts stated in the motion to revive. The demurrer was not sufficient to raise the question of incapacity of the movant. There was no answer raising the question and, therefore, it must be treated as having been waived.

We doubt the power of the trial court to substitute the guardian (whether foreign or domestic) for his ward as judgment creditor. The general rule is:

"While the relation between guardian and ward is that of trustee and cestui que trust, the trust is not of such character as to give the guardian the legal title to the ward's estate, but the title remains in the ward, and the possession of the guardian is the possession of the ward." 28 C.J. 1128.

However, there is no assignment of error going to that part of the judgment and the question is not properly before this court.

Affirmed.

DAVISON, C. J., and CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.

