Byrdice L. ZICKEFOOSE, Administratrix of
the Estate of Harold Benjamin Zickefoose,
deceased, plaintiff in error,

v.

FRANKS MANUFACTURING CORPORA-
TION, a corporation, Charles C. McNeely
and James E. Forbes, defendants in error.

No. 36135.

Supreme Court of Oklahoma.

Sept. 28, 1954.

Russell R. Linker, Joe Francis, C. Lawrence Elder, Tulsa, for plaintiff in error.

Garrett Logan, R. D. Hudson, Tulsa, for defendants in error.

DAVISON, Justice.

This action was commenced by Byrdice L. Zickefoose, administratrix of the estate of Harold Benjamin Zickefoose, deceased, to recover in damages resulting from the death of the said Harold Benjamin Zickefoose and was maintained against Franks Manufacturing Corporation, a corporation, and Charles C. McNeely, as defendants jointly. The trial was to a jury and a verdict was returned for the defendants and judgment rendered thereon from which plaintiff appeals.

The parties will be referred to by their trial court designation.

The evidence discloses that the deceased, the head electrician for defendant, Franks Manufacturing Corporation, was attempting to replace a roller on an electric line which operated a crane in the industrial plant of defendant Franks Manufacturing Corporation. A ladder was placed with the top near the line. The ladder as measured by one of the jurors was eighteen feet less one inch. Deceased was approximately sixteen feet from the ground with his feet on the third or fourth rung from the top of the ladder. During his work he fell to the ground and upon examination was found to be dead.

The theories of plaintiff is that deceased touched a live wire in the electric line and was electrocuted or that the electric shock caused him to fall and in the fall he was killed. Defendants offered competent evidence to establish that deceased died of a brain aneurysm which was caused by a congenital condition. Their witnesses also testified that the electric line was rendered "dead" by extracting all the fuses from the box controlling the line. The evidence offered by plaintiff was to the effect that brown spots were found on one leg and the hand of deceased and that this indicated that he was electrocuted. This was the sole issue submitted to the jury.

In the first proposition plaintiff argues that the court erred in giving the following instruction:

"If you find at the time of the accident involved there was no electricity in the tracks on the crane used to carry the electric charge your verdict must be for the defendants."

The allegations of negligence are: the defendant Franks Manufacturing Corporation allowed deceased to go upon the ladder while there was electricity in the line; that the ladder was placed upon unfirm ground covered with small pebbles and stones; defendant Charles C. McNeely and James E. Forbes failed to hold the ladder in place and that the wind was blowing twenty or twenty-five miles per hour and that deceased was permitted to go upon the ladder without proper tools and a safety belt. Plaintiff first argues in this connection that whether a twenty-two foot ladder furnished without scaffold or provided with a safety belt constituted a safe place to work was a question for the jury. Plaintiff states twice in the brief that the ladder is twenty-two feet in length. The uncontradicted testimony is that the ladder was measured as above stated by a member of the jury and was eighteen feet less one inch; that it reached a height of approximately sixteen feet as placed on the ground and that the deceased was somewhere below the top rung of the ladder. No evidence was offered that any of these things constituted negligence or a failure to furnish a safe place to work. It was stipulated that the wind was blowing at the rate of twelve or fifteen miles per hour. There is no evidence offered to show that the wind caused or contributed to the fall. Both witnesses, Forbes and defendant McNeeley testified that the ladder was placed on firm and even ground; that they were

holding the ladder and that the ladder did not move during the time deceased was attempting to repair the line. There is no evidence that the ladder was in a faulty condition or was defective in any manner. There was no showing or evidence indicating that it was necessary or customary to furnish a safety belt or scaffold in any of the work done or performed by deceased in attempting to affix the roller to the line. Practically all the evidence was directed to the attempt to prove that deceased due to a live wire in the line was electrocuted. In the brief plaintiff asserts that the ladder was introduced in evidence and asked the court to look at the picture of the ladder found in the case-made but there is no suggestion of any actual defect in the ladder. In Nelson v. Wolverine Petroleum Corporation, 189 Okl. 351, 117 P.2d 787, 788, it is stated:

"The rule that the master must furnish safe tools is not applicable where the servant has equal knowledge with the master as to the safety thereof. Chicago, R. I. & P. R. Co. v. Lillard, 42 Okl. 109, 141 P. 8, 9."

In that case there was involved a defective ladder. In St. Louis & S. F. R. Co. v. Snowden, 48 Okl. 115, 149 P. 1083, 1085, it is stated:

"There must be causal connection between the negligence averred and the injury suffered to entitle plaintiff to recover; and this rule is so well established that it is unnecessary to support same by authority. There can be no presumption of negligence from mere proof of the accident. Chicago, R. I. & P. Ry. Co. v. Brazzell, 40 Okl. 460, 138 P. 794."

█ There was no alleged act of negligence supported by any evidence except the one submitted to the jury by the trial court. It was not error to submit this instruction to the jury.

In the second proposition it is argued that it was the duty of the court to instruct on all of the issues. This is a re-argument of proposition one and what has been said thereon renders it unnecessary further to discuss this proposition.

█ In the third specification of error it is argued that the court erred in refusing the following instruction:

"You are instructed that in the absence of evidence to the contrary it is presumed that one killed by a dangerous agency exercised due care and did not commit suicide."

█ This instruction was not warranted by any of the evidence. There was no evidence that deceased committed suicide or attempted such act. The instruction was properly refused. See, Prudential Insurance Co. v. Foster, 197 Okl. 39, 168 P.2d 295, 166 A.L.R. 1.

█ The fourth specification of error is that the court improperly admitted evidence on the question of insurance. The only objection made to any evidence relating to insurance was that it was irrelevant, incompetent and immaterial and improper cross-examination. This objection followed a statement in answer to a question to a medical witness testifying for plaintiff. The witness was asked if he did not visit the body after the death of deceased in order to determine whether or not there had been an accident and for the purpose of collecting insurance carried by deceased. The question does not come within the rule of the cases such as Safeway Cab Service Co. v. Minor, 180 Okl. 448, 70 P.2d 76. There was no request to discharge the jury and declare a mistrial and there is no showing that the question or its answer in any way influenced the decision arrived at by the jury in this case. There was no prejudicial error in this line of questioning.

Finding no error justifying a reversal of the cause the judgment of the trial court is affirmed.

HALLEY, C. J., and JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.