**F. L. KLAUS et al., Plaintiffs in Error,**

**v.**

**Frank N. FLEMING, Defendant in Error.**

No. 36946.

Supreme Court of Oklahoma.

Dec. 11, 1956.

Jack B. Sellers, Drumright, for plaintiff in error F. L. Klaus.

Young, Young & Young, by Glenn A. Young, Sapulpa, for defendant in error.

PER CURIAM.

This action was commenced by Frank N. Fleming against F. L. Klaus and John Chronister, d/b/a Klaus Radio and Television, to recover damages for personal injuries sustained by the plaintiff as the alleged result of the defendant's failure to furnish him proper equipment with which to perform his job. During trial the action was dismissed as to John Chronister and he is not a party to this appeal. The case was tried to a jury who returned a verdict for the plaintiff, upon which judgment was entered. The defendant, F. L. Klaus, appeals.

The defendant argues his appeal under the following proposition:

"The statutes pleaded are not applicable and the trial court erred in overruling the Motion to Strike of defendant and erred in instructing the jury on such inapplicable statutes, * * *."

Thus, those assignments of error in the petition in error not contained in this proposition argued in the brief will be treated as abandoned. Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261.

The court's action in overruling the motion to strike is likewise not open to review for the reason that the defendant failed to include this as one of its grounds for a new trial. Alleged errors must be called to the trial court's attention in the motion for new trial or they will not be reviewed on appeal. Logan v. Logan, 197 Okl. 88, 168 P.2d 878.

Finally, the defendant failed to properly record his objections to the instructions of which complaint is made. In order to have a review of the action of a trial court in giving certain instructions, it is necessary that the exceptions to the instructions as given be signed by the trial judge, as provided by statute, 12 O.S.1951 § 578. The only exception to this rule is where prejudicial error, erroneous statements of fundamental law, appear upon the face of the instructions. In the instant case the questioned instructions contain no misstatement of any fundamental principle of law. Thus, any latent error is not now open to review. Mason v. McNeal, 187 Okl. 31, 100 P.2d 451; Anthony v. Colvin, 191 Okl. 476, 130 P.2d 819, 145 P.2d 384. Judgment affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., dissents.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.