' ·· MARTIN et al. v. ARNOLD.

No. 35127.   Aug. 5, 1952.

247 P. 2d 517.

D. F. Rainey and John Barksdale, Okmulgee, for plaintiffs in error.

Steele & Boatman, Okmulgee, for defendant in error.

O'NEAL, J.   Arnold was plaintiff, Martin was defendant, and Owen was intervener in the trial court.   Arnold was engaged in the used car business in Okmulgee, and in October, 1948, sold a used 1941 International Pick-up, 3/4th Ton Truck, Motor No. GRD21, to Owen. Owen executed his promissory note in the sum of $450, and a chattel mortgage on the truck to secure the payment of the note. Arnold being indebted to Owen on another business transaction credited Owen's note in the sum of $150 leaving a balance due in the sum of $300, payable within a year at ten per cent (10%) interest, which interest at the date of trial was asserted to amount to the sum of $61.25.   Plaintiff instituted a suit in replevin against Martin to recover possession of the truck.   Owen intervened.   Plaintiff also prayed for an attorney's fee in the sum of $54.19, and for the sum of $17.50 to cover insurance upon the truck in question.

Arnold, claiming that Owen had not made any payments upon the note save the original credit of $150, above referred to, brought the present action of replevin against the defendant, Martin, for possession of the truck. Martin, by his answer, alleged that he purchased the truck from the defendant, Owen, and upon information and belief plead that Owen had fully paid the original purchase price therefor to Arnold; and that, therefore, he had a good and perfect title to the truck.

Subsequently, Owen filed a petition of intervention in the case admitting the execution of the note and chattel mortgage plead by Arnold, and for a defense plead that the note was fully paid and that his obligation under the note and mortgage was fully satisfied. Arnold filed an answer to Owen's petition of intervention denying that Owen had made any payments upon the note whatsoever, except the original credit referred to in his action of replevin.

Arnold, as a witness in his own behalf, testified as to the execution of

the note and the chattel mortgage to secure the same, and that no payments, other than the original credit in the sum of $150, were made by the intervener, Owen.

Owen could neither read nor write, except he could sign his name. On previous transactions he bought other used cars from Arnold, which were paid for on an installment plan. These transactions seemed to have been mutually satisfactory. Prior to the execution of the note and mortgage in question, Owen and Arnold were jointly interested in the care and feeding of cattle kept on Owen's farm. The credit of $150 upon the Owen note was in payment of an obligation of Arnold to Owen on the cattle deal.

In support of Owen's plea of payment of the note his evidence tends to establish that when the first monthly installment on the note became due, he went to Arnold's used car lot in Okmulgee, and made a payment, in cash, in the sum of $25. That thereafter, he made twelve to fourteen other monthly payments, which aggregate sum paid the note in full. That because of his previous satisfactory dealings with Arnold, he did not ask for and neither did Arnold give him receipts covering these payments. Owen's son testified that on six or eight occasions he accompanied his father when payments were made to Arnold. He testified that on many of these trips his mother and sister also accompanied his father when payments in the sum of $25 were made to Arnold. Owen's daughter, then seventeen years of age, accompanied her father on all of his trips to Arnold's yard, and she testified that her father made from twelve to fourteen monthly payments of $25 each to Mr. Arnold, personally; that Mr. Arnold did not give her father receipts for the payments. She also testified as to the original transaction for the purchase of the truck, and that when the first payment became due, Arnold requested that her father make an additional payment covering the insurance on the

truck in the sum of $17, which her father also paid.

Although the note and chattel mortgage was executed in October, 1948, Arnold did not seek to re-possess the truck by replevin proceedings until November, 1950, nor did he make any demand on Owen for payment of the note, or any installment payments prior to the filing of the replevin case.

Upon trial the jury returned its verdict finding the issues in favor of the defendant, Stewart Martin, and that he was entitled to the possession of the truck. The verdict necessarily included a finding that the intervener, Owen, had paid the note in full.

The verdict of the jury is amply supported by the evidence. The trial court approved the verdict and entered judgment in favor of the intervener, Owen, and in favor of the defendant, Martin, for costs.

Thereafter, on Arnold's motion for a new trial, the court set aside the verdict of the jury from which order Martin and Owen appeal.

Arnold's motion for a new trial raised a single alleged error, viz., the court erred in admitting incompetent and prejudicial testimony on behalf of said intervener and said defendant, over the objection and exception of plaintiff, Arnold.

The journal entry of judgment sustaining the motion for a new trial discloses that the court was of the opinion that he improperly admitted testimony of the defendant, Martin, and that the testimony was of sufficient prejudice to warrant setting aside the verdict.

The alleged incompetent and prejudicial evidence upon which the court set aside the verdict arose on the examination of the defendant Martin. Counsel propounded the following questions:

"Q. During that time have you become acquainted with his (referring to Owen) reputation for fair dealing?

"Mr. Boatman: Objected to as wholly incompetent, irrevelant and immaterial, not a proper question, can't prove character in a civil suit.

"The Court: Overruled.

"Mr. Boatman: Note our exception (The above-quoted question was never answered by the witness)

"Q. What is that reputation, good or bad?

"Mr. Boatman: To which we object as not a proper question in a civil suit.

"The Court: Overruled.

"Mr. Boatman: We except.

"A. Want me to answer it? Q. Yes. A. Good—upon what I know."

No contention is made that the verdict is not supported by substantial evidence, and from our review of the record we are led to the conclusion that the intervener, Owen, fully sustained the burden of proof as to the full payment of the note. Thus the sole question presented is the challenged error in permitting Martin to state that the reputation of Owen was "good-upon what I know."

It will be noted that the witness, Martin, was not asked whether or not he knew the general reputation of Owen in the community as to truth or veracity, but was simply asked if he knew Owen's reputation for fair dealings. Moreover, Arnold did not move to have the alleged erroneous question and answer stricken from the record, or to have the court instruct the jury to disregard the same.

If the quoted evidence was incompetent, it does not follow that plaintiff was prejudiced thereby.

A verdict of a jury and judgment thereon that is supported by the evidence will not be set aside, unless prejudicial error is shown, and that it affected the substantial rights of the complaining party.

Our statutes affirmatively require all courts to disregard immaterial errors. 12 O.S. 1951 §636 provides:

"No exception shall be regarded, unless it is material and prejudicial to the substantial rights of the party excepting."

12 O.S. 1951 §78 provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In Mid-Continent Petroleum Corporation v. Fisher, 183 Okla. 638, 84 P. 2d 22, we said:

"Before a judgment will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that the admission of such evidence probably resulted prejudicially to the interests of the one making the objection thereto."

The same rule was applied in White v. Burton, 180 Okla. 499, 71 P. 2d 694.

The order of the trial court granting plaintiff a new trial is hereby vacated and the cause remanded, with instructions to enter judgment in favor of the defendant and intervener.

HALLEY, V.C.J., GIBSON, JOHNSON, and CORN, JJ., concur. WELCH, DAVISON, and BINGAMAN, JJ., dissent.