Minnie MATOFSKY, Plaintiff in Error,

v.

BISHOP'S RESTAURANTS, Inc., of Tulsa, a corporation, Defendant in Error.

No. 37333.

Supreme Court of Oklahoma.

April 16, 1957.

Rehearing Denied June 11, 1957.

Hudson, Hudson & Wheaton, O. C. Essman, Milsten, Milsten & Morehead, Tulsa, for plaintiff in error.

T. Austin Gavin, Truman B. Rucker, Bryan W. Tabor, Joseph A. Sharp, Tulsa, for defendant in error.

PER CURIAM.

This action is to recover monetary damages for injuries suffered by plaintiff in error as the result of a fall to the floor in the vestibule of the premises of the defendant in error at Tulsa. The plaintiff in error had been a patron of the restaurant, paid her check, and was leaving the premises when she fell to the floor with such force that serious injury resulted. It is unnecessary to detail her injuries, for their extent and nature are not involved in this appeal. The night previous to the accident the defendant in error, as was its custom in rainy weather, placed a rubber mat in the vestibule to provide safe passage over the tiles of the floor for its patrons with wet shoes. Plaintiff in error testified that as she stepped into the area of the vestibule on her way out of the building the heel of her shoe caught on the rubber mat, causing her to fall. Photographs of the area of the accident made the same day as the accident, but by different photographers, were introduced in evidence by the parties. In the exhibit of the plaintiff in error it appears that there were portions of the mat that did not lie flat against the floor, thus creating a raised portion or "curl" at the edge of the mat. The defendant in error's exhibits depicting the same area, but photographed from the opposite angle from those of the plaintiff in error, fail to show any "curl" in the floor covering.

There was also an apparent conflict in the testimony of the witnesses who observed the condition of the floor. During the course of the trial the defendant in error also introduced in evidence as an exhibit a piece of floor covering taken from the same roll as that used in the vestibule, but not a piece of the identical mat on the floor of the vestibule at the time the injury occurred. The testimony was that the exhibit was a true representation of the mat in use at the time, and that the floor mat actually in use had eventually worn out and had been discarded. This action was not filed for two years following the injury. The jury returned a verdict for the defendant in error, and from the court's judgment thereon this appeal is prosecuted.

The plaintiff in error has elected to argue this case under two propositions which do not encompass all the assignments of error contained in the petition in error. All such alleged errors not argued will be treated as abandoned. Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261.

The first proposition which is urged concerns the court's action in admitting in evidence the piece of floor covering which was admittedly not a part of the mat on the floor at the time of the accident. Prior to the introduction in evidence of this piece of floor matting there had been testimony from several witnesses for the plaintiff in error concerning the type, condition and purpose of the floor mat in use at the time of the accident. There had also been testimony concerning the method of storing the mat by rolling it up, with a view to establishing, we suppose, that this procedure might have caused curled edges. Finally, photographs had been introduced which depicted the floor mat in place at the point of the accident and shortly after it occurred. When the exhibit was offered as evidence the following transpired:

"Q. Is that a true representation of the mat that was on the floor at the time this accident happened? A. A true representation, yes, sir.

"Mr. Tabor: We offer this in evidence.

"Mr. Hudson: The plaintiff objects * * *, it being made to appear it is not a portion of the mat involved in this litigation.

"The Court: Well, let me see. Is this from the same roll?

"The Witness: From the same roll, yes, sir.

"The Court: I will admit it, it being understood that it is not the actual—no portion of the actual mat which was involved in this purported accident.

"Mr. Tabor: That's right, but from the same roll.

"The Court: But is simply from the same roll and admitted for that purpose."

There was also other testimony explaining the length of time the mat had been in use at the time of the accident and how many months afterwards it was used before being discarded.

■ We do not see that the admission in evidence of this particular exhibit was reversible error. Not every irrelevant exhibit of demonstrative evidence, if this be one, justifies reversal. Roberts v. Van Cleave, 205 Okl. 319, 237 P.2d 892. The jury could not have been confused about this exhibit. It was specifically pointed out by the court that the exhibit was not the one in use at the time of the accident but was merely a sample from the same roll of material and an accurate representation of the mat involved and visible in the photographs. The record does not reveal the size of the exhibit, but it is apparent that it was only a sample of the material forming the floor mat. If irrelevant, the exhibit could not be cause for reversal for the reason that the issue in the case was not the physical characteristics of the mat but whether or not there were "curls" at the edge of the mat which caused the plaintiff to trip and fall. There is no indication in the record that the sample exhibit was used in such a manner as would be prejudicial to the appellant. The plaintiff in error's testimony was to the effect that she tripped over a "curl" in the mat edge; the defendant in error's testimony was that there was no "curl", and that apparently appellant mistakenly believed that a glass door was closed, and in attempting to open it she lost her balance, as a result of which she fell. The admission of this exhibit under such circumstances, if error, was harmless. Aldridge v. Patterson, Okl., 276 P.2d 202; Martin v. Arnold, 207 Okl. 69, 247 P.2d 517; Larkins–Warr Trust v. Watchorn Pet. Co., 198 Okl. 12, 174 P.2d 589.

The only other proposition argued is stated thus:

"Neither the trial court nor the jury can be permitted to credit testimony of a witness positively contradicted by physical facts."

The argument on this proposition seems to be that all evidence contrary to the photographs introduced by plaintiff in error must be disregarded; that those photographs positively show that "curls" existed on the edge of the mat; that, therefore, the defendant in error is liable. This argument is fallacious. In the first place, the argument fails to consider the testimony of the cashier, who said that plaintiff in error lost her balance and fell when she mistakenly attempted to open a glass door that was already open. If the jury accepted this version of the accident, then the "curls" had nothing whatever to do with the injury. However, the evidence was conflicting on the existence of the "curls".

■ There was testimony that the photographs of plaintiff in error did not correctly represent the condition of the mat; specifically, that there were no "curls" at the time of the accident. Too, the photographs of the defendant in error do not show the existence of any "curls" in the mat. Thus, the rule upon which the argument is based, that where undisputed physical facts are in direct conflict with the testimony of a witness, neither the court nor the jury is bound by the testimony thus shown to be impossible or untrue, has no application.

This court, in Oklahoma Ry. Co. v. Ivery, 201 Okl. 245, 204 P.2d 978, 979 held:

"Where the testimony of a witness in a civil action for personal injuries, tried to a jury, is contradicted and shown by physical facts in evidence to be impossible or false, the verdict of a

jury based upon such testimony should not be permitted to stand; but where there is other evidence, not so affected by the physical facts, and which reasonably supports the finding of the jury, their verdict and the judgment based thereon will not be disturbed on appeal."

This action was tried to a jury who, upon conflicting evidence, returned a verdict for the defendant. No error of law being shown to exist, the judgment must be affirmed.

Judgment affirmed.

This Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.