COLORADO INTERSTATE GAS COMPANY, a Corporation, Plaintiff in Error,

v.

Leota LORENZ, Lavina Lou Thrall and A. Dwain Thrall, Defendants in Error.

No. 37544.

Supreme Court of Oklahoma.

Oct. 7, 1958.

LaMar & Bailey, Guymon, for plaintiff in error.

Tryon & Sweet, by L. E. Tryon, Guymon, for defendants in error.

WELCH, Chief Justice.

The Colorado Interstate Gas Company, the plaintiff in error, was the condemnor, below, A. Dwain Thrall, Lavina Lou Thrall and Leota Lorenz, who are here the defendants in error, were the condemnees below. The plaintiff in error will hereinafter be referred to as condemnor. The defendant in error, A. Dwain Thrall, will be referred to as the tenant, and the defendants in error, Lavina Lou Thrall and Leota Lorenz, will be referred to as the owners.

The condemnor on April 7, 1954 instituted proceedings in the District Court of Texas County, Oklahoma, to acquire by eminent domain a pipe line right of way fifty feet wide and 1874 rods long across condemnee's land, containing or taking 3.-550 acres for the pipe line use.

The condemnor did not seek any part of minerals, and among other limitations, which are not material for the purpose of this appeal, it is set out in petition that pipe line would be buried not less than forty-six (46) inches measured from the top of the pipe line to the average level of the original ground on the two sides.

Notice was served upon the parties, commissioners were appointed, who duly made their report as required by law, fixing the damage for the subject tract in the sum of $3,748.

The condemnor thereafter, and on May 20, 1954, made its demand for jury trial and on the 22nd day of May 1954, the owner likewise made demand for jury trial, and the tenant on the same date demanded jury trial.

The case was tried to a jury and separate verdicts were made, awarding the tenant $828.87, and owners $3,700. It is from these verdicts and judgment that the condemnor appeals to this court.

The first proposition argued by plaintiff in error is that the trial court erred in refusing to permit inquiry as to the value of minerals reserved to the owners, and refusing to admit evidence as to the value to the owners of the other rights and privileges reserved to the owner in the petition.

The record fails to reveal any objection to the ruling of the court in excluding the testimony referred to by plaintiff in error, and the brief does not call our attention to the exact evidence which the plaintiff in error complains was admitted over its objection.

■ See Garrett v. Lacquement, Okl., 306 P.2d 696; Deep Rock Oil Corp. v. Micco, Okl., 262 P.2d 451; Martin v. Arnold, 207 Okl. 69, 247 P.2d 517. Therefore this assignment of error will be disregarded.

The next proposition argued by the plaintiff in error is that the trial court erred in giving and refusing instructions to the jury.

In the brief the plaintiff in error fails to call to our attention any instructions given by the trial court and objected to. It is, however, argued that the court erred in refusing to give one instruction which was in the form of an interrogatory.

■ In the case of Coston v. Adams, 203 Okl. 605, 224 P.2d 955, 956, this court held:

"Under Oklahoma Constitution, Article VII, Sec. 21, it is within the discretion of the trial court to refuse to submit requested special interrogatories to the jury."

See, also, Nichols v. Oklahoma City, 195 Okl. 305, 157 P.2d 174.

■ There does not appear to be any abuse of discretion on the part of the trial court in its refusal to submit the special interrogatory requested by the plaintiff in error.

The plaintiff in error argues under proposition three, that verdict is contrary to evidence and is excessive.

■■ We have checked the record and find that the testimony of the various witnesses as to damage caused to the land

is estimated from $5,000 to $12,000. The Commissioners who were appointed by the court filed their report prior to trial, fixing total damage at $3,748. In view of this evidence we cannot agree with plaintiff in error that the verdict is contrary to the evidence. We are of the opinion, and so hold, that the verdict is reasonably supported by the evidence. In the absence of error of law a verdict for damages in condemnation proceedings reasonably supported by competent evidence, will not be set aside on appeal. Nichols v. Oklahoma City, supra.

Affirmed.