**Zerelda IRBY, Plaintiff in Error,**

v.

**Ernest VAUGHN, Defendant in Error.**

**No. 38857.**

Supreme Court of Oklahoma.

Nov. 9, 1960.

Caldwell & Warren, Oklahoma City, for plaintiff in error.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for defendant in error.

DAVISON, Chief Justice.

This action was instituted in the lower court by plaintiff, Zerelda Irby, against Ernest Vaughn to recover damages for personal injuries alleged to have been incurred by plaintiff when struck by defendant's car.

Plaintiff alleged in her petition that she was proceeding north on foot across Southeast 29th Street in a crosswalk opposite Gate No. 3 of Tinker Air Force Base in Oklahoma County, when she was struck by defendant's car, which was moving from west to east. Plaintiff further alleged defendant was negligent in failing to keep a proper lookout and in failing to yield the right of way to plaintiff and further that defendant was driving at excessive speed and failed to use his brakes and steering mechanism to avoid the accident. Plaintiff prayed for total damages of $22,770.20.

Defendant answered by general denial and specific denial of negligence and that plaintiff was guilty of contributory negligence and a further plea of sudden emergency and unavoidable casualty.

The jury returned a unanimous verdict for defendant and the trial court rendered judgment thereon. Plaintiff has perfected this appeal.

██ Plaintiff urges as one of her grounds for reversal that the court should have sustained her motion to require defendant to elect which defense he relied upon. The motion was to require defendant to elect between the defense of contributory negligence and the defenses of sudden emergency and unavoidable accident. This motion was made and filed by plaintiff at the conclusion of the introduction of all of the evidence.

Examination of the instructions in this respect reflects that the trial court instructed the jury only as to the alleged negligence on the part of the defendant and the charge of contributory negligence upon the part of the plaintiff. The instructions make absolutely no reference to sudden emergency or unavoidable accident. These defenses were not mentioned or presented to the jury. Neither party made any objection or complaint to the instructions. The instructions as given eliminated any conclusion of any contention of inconsistency of defenses and the error of the court, if any, in overruling the motion was of no consequence.

Plaintiff also contends that the verdict and judgment for the defendant is not sustained by sufficient evidence and is contrary to law. We construe plaintiff's argument to be that only one inference could be drawn from the evidence and thereby the matter became one of law for the court.

██ We have reviewed the record. There was competent evidence tending to support plaintiff's contention that due to defendant's negligence she was struck by the defendant's car. There was also competent evidence tending to support defendant's contention that plaintiff was guilty of contributory negligence and that plaintiff walked ino the side of defendant's car. The jury gave greater credence to the evidence of the defendant and returned a verdict for the defendant.

██ There is competent evidence reasonably tending to support the verdict and judgment determining the question of negligence. In such case the jury's verdict will not be disturbed. State of Oklahoma ex rel. State Insurance Fund v. Bone, Okl., 344 P. 2d 562, 569.

Affirmed.