**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation. Plaintiff in Error,**

v.

**J. L. COX and Willard Feeback, Defendants in Error.**

**No. 39541.**

Supreme Court of Oklahoma.

July 24, 1962.

Rehearing Denied Sept. 11, 1962.

Cantrell, Douglass, Thompson & Wilson, by John H. Cantrell, Don Sharp, James A. DeBois, Oklahoma City, Blakemore & Wilson, by Bill Wilson, Sapulpa, for plaintiff in error.

Young, Young & Young, by David Young, Sapulpa, for J. L. Cox.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, Joseph F. Glass, O. H. "Pat" O'Neal, Tulsa, for Willard Feeback.

HALLEY, Justice.

J. L. Cox, hereafter called plaintiff, brought suit for personal injuries received by him as a result of a fall from a truck. At the time of the accident he was riding on a load of brush in the bed of a dump truck owned and operated by defendant Willard Feeback as it proceeded along an unpaved county road. One limb began to fall from the truck bed. As plaintiff faced to the rear and reached for the limb, he was struck on his back and pulled from the truck by a telephone wire, belonging to defendant Southwestern Bell Telephone Company, which crossed the roadway at that point. The two defendants will be referred to as Feeback and Southwestern respectively.

The case was tried to a jury which returned verdicts in favor of plaintiff against Southwestern, and in favor of Feeback. The trial court overruled Southwestern's motion for judgment notwithstanding the verdict and its motion for new trial. Southwestern has appealed and its petition in error designates plaintiff and Feeback as defendants in error.

■ The assignments of error relating to Feeback were not argued by Southwestern in either its briefs or oral argument and will be treated as abandoned. Matofsky v. Bishop's Restaurants, Okl., 312 P.2d 446; Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261.

■ Concerning Southwestern's contention that as a matter of law plaintiff is not entitled to recover judgment, Southwestern first claims that the trial court erred when

it instructed the jury to apply the requirements of the National Electrical Safety Code as adopted by Order No. 16061 of the Corporation Commission of Oklahoma which was in evidence as the measure of the duty owed by Southwestern. Such code requires a minimum height of eighteen feet for transmission lines crossing highways.

Southwestern's argument is based on what it calls the legal doctrine of "preemption." Under this doctrine, it is claimed, when a superior legislative agency enters a field of legislation its occupancy becomes exclusive, leaving no place for effective legislation by the inferior agency. Southwestern admits that the Corporation Commission may adopt the National Electrical Safety Code under the general regulatory authority granted to it by the Constitution of Oklahoma (Article IX, Section 18), unless this field of legislation has been pre-empted by our State Legislature.

Southwestern then completes its argument by stating that the legislature has occupied the field of highway safety by various laws regulating the operation of vehicles and the use of the highways, one of which laws limits the height of vehicles and loads to 13½ feet and thus, (says Southwestern) "by necessary implication, establishes the minimum required height of overhead structures at a height barely above the same figure." See 47 O.S.Supp. 1959 § 116.1.

■ We do not agree with the argument outlined above. The order of the Corporation Commission adopting the provisions of the National Electrical Safety Code covers a subject matter different from that covered by the legislature in its highway legislation. This is pointed up by the fact that the legislature in authorizing the organization of rural electric cooperatives and rural telephone cooperatives provided that any and all electrical and telephone construction and maintenance by such cooperatives shall conform to the requirements or standards of the National Electrical Safety Code. See 18 O.S.1961 § 437–437.30, especially § 437.2

(h); and 18 O.S.1961 § 438.1–438.34, especially § 438.27. It is not logical to assume that the legislature would require cooperatives to comply with the standards of the National Electrical Safety Code and would not expect compliance by those transmission companies supervised, regulated and controlled by the Corporation Commission, when the Corporation Commission has made its order requiring such compliance. Southwestern's witness testified that the poles on which this telephone line were strung belonged to the East Central Electric Cooperative which had power lines strung between the same poles. Southwestern suggests an inharmonious construction of the statutes when it asks us, in effect, to rule that the statutory duty of a cooperative in maintaining its lines over a country road is different from that of Southwestern, which maintains its line over the same road and strung between the same poles. We find and hold that the trial court's instructions to the jury using the order of the Corporation Commission as the measure of Southwestern's duty were not in conflict with the State Statutes and such instructions were correct. Cf. Riss & Company v. Reed, Okl., 301 P.2d 208.

■ Defendant Southwestern's second proposition is that as a matter of law the trial court should have rendered judgment for Southwestern because of plaintiff's wrongful conduct. The argument in support of this proposition is that because the proof showed that Southwestern's wire was at least 15 feet high, and since plaintiff was struck by the wire, he must have been exceeding the maximum height for loaded vehicles of thirteen and one-half feet prescribed by 47 O.S.Supp.1959 § 116.1. Such argument, however, overlooks the proof by plaintiff that the wire was at a height of only 13 feet, that the height of the truck including the brush on it was a maximum of between 11 and 12 feet, that plaintiff then sat down on the brush, and was struck by the wire just above his belt line and a reasonable inference therefrom that plaintiff at the point on his body where struck by the

wire may not have been exceeding the statutory maximum for loaded vehicles at the time of the accident. Southwestern says the probative effect of the testimony of plaintiff's witness as to the 13 foot wire height was destroyed because he denied it on cross-examination. We do not agree with Southwestern's analysis of the testimony in this regard. On direct examination plaintiff's witness testified as follows:

"Q. How high did you find that lowest wire across there?

"A. 13 feet."

On cross-examination, the record discloses:

"Q. Where is place you measured 13 feet *and ½ inches?*

"A. It's—I measured nothing that measured *that.*

"Q. Now wait a minute, I didn't understand you.

"A. I measured nothing that measured 13 feet *and a half."* (Emphasis ours)

It may be readily seen that the testimony on direct examination and on cross-examination is compatible, not mutually destructive as claimed by Southwestern. Other argument by Southwestern that plaintiff's relation to Southwestern was that of a trespasser is without merit under the facts of the instant case. Southwestern makes no complaint about the jury instructions on contributory negligence. Therefore, this proposition is not well taken.

■ Defendant Southwestern's final proposition is that the condition created by it was not the proximate cause of the plaintiff's injury. In this proposition, as in the one just discussed, Southwestern assumes that the evidence was that plaintiff was violating the law and that Southwestern's wire was no lower than 15 feet. As we stated above, the evidence was such that the jury may have found that neither of Southwestern's assumptions were true. We therefore hold that there was competent evidence in this case to sustain a verdict for plaintiff and that no errors of law have been shown to exist. The verdict and judgment thereon will not be disturbed. Irby v. Vaughn, Okl., 356 P.2d 1087.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J. and JOHNSON and BERRY, JJ., concur.

JACKSON, J., concurs in result.

WELCH, DAVISON and IRWIN, JJ., dissent.