**LAWTON TRANSIT MIX, INC.,**
Plaintiff in Error,

v.

**Magdaline LARSON, Defendant in Error.**

No. 41686.

Supreme Court of Oklahoma.

May 6, 1969.

Rehearing Denied July 1, 1969.

Nicklas, Parrish & Saenz, by W. F. Parrish, Jr., Lawton, for plaintiff in error.

Rhoads, Ashton, Johnson & Schacher, by Githen K. Rhoads, Lawton, for defendant in error.

McINERNEY, Justice.

This is an appeal by Lawton Transit Mix, Inc. (Defendant) from a judgment based on a verdict by a jury awarding Magdeline Larson (Plaintiff) damages for personal injuries suffered when plaintiff's automobile was struck from the rear by defendant's cement truck.

Both vehicles were proceeding north in the left lane toward an intersection in Lawton, Oklahoma. The vehicles entered the "left turn lane only" at the traffic controlled intersection. Plaintiff indicated her turn by activating her left turn blinkers. As she approached the point at which she was to begin her turn, the signal light controlling the turning of vehicles changed from amber to red and she stopped. After stopping, she noticed in her rear view mirror that defendant's vehicle continued moving forward. Plaintiff removed her foot from the brake and immediately her car was struck, knocking it some eight feet forward. Plaintiff was injured in the collision.

Medical testimony was introduced by plaintiff. Generally, the evidence demonstrated that plaintiff had a congenital anomaly in her back from birth. She experienced no difficulty or pain from this defect before the accident. She testified that before the accident she was an able bodied woman and could bat a ball as good as her four children. She added that after the accident her ability to do even ordinary ironing and housework was a painful ordeal. A spinal fusion was performed. The surgeon testified concerning the causal connection between her pre-existing back condition that was dormant and the resultant effect caused by the accident. The medical testimony is not seriously challenged.

Defendant's assignments of error are (1) permitting the introduction of irrelevant and immaterial evidence which incited passion and sympathy in the minds of the jury, (2) permitting improper cross-examination of the driver of defendant's truck about matters concerning previous unrelated traffic violations, and (3) permitting misconduct by plaintiff's attorney in the closing argument.

Plaintiff testified that she is the mother of four children dependent upon her for

their support; that the father of the children since their divorce, has failed to provide support. She also testified that her second husband had abandoned her after her accident and after she became bedfast and unable to care for her children or do the housework. She further testified regarding her financial domestic difficulties in regard to the cost of educating the children, the rent she pays for their living accommodations, and the amount required for food for such a family.

■ While we may agree that the bulk of the challenged testimony relating to domestic problems is generally inadmissible, no motion to strike any of the plaintiff's testimony was interposed. Several of the defendant's six objections to her testimony were sustained, others were overruled, some with the court stating limitations or qualifications on the answers. On cross-examination the defendant elicited further evidence of the same nature. The testimony was allowed to go to the jury without a request or motion to exclude any portion from the jury's consideration. Under these circumstances, the admission of the testimony does not constitute error sufficient to justify reversal. Parris v. McCallay, Okl., 424 P.2d 62; Sarkeys v. Haas, Okl., 402 P.2d 894; Colorado Interstate Gas Company v. Lorenz, Okl., 330 P.2d 583; Garret v. Lacquement, Okl., 306 P.2d 696; Martin v. Arnold, 207 Okl. 69, 247 P.2d 517.

■ The driver of defendant's truck was questioned on cross-examination about previous unrelated traffic mishaps. After a number of questions were asked and the answers given—all without an objection—the plaintiff's attorney asked one question to which the objection was sustained and one question which, after an equivocal answer, evoked a motion by defendant's attorney for the court to instruct the jury "to disregard the questions propounded by counsel." This motion was overruled.

Assuming, arguendo, that the ruling is erroneous, we are unable to say, consider-ing the totality of the record, that such error has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Maynard et al. v. Hustead et al., 185 Okl. 20, 90 P.2d 30. The evidence established that plaintiff's vehicle, with her left turn light blinking, was struck from the rear by defendant's cement truck and knocked some eight feet; that defendant's vehicle did not leave any skid marks on the street thus indicating the brakes on defendant's vehicle were not applied prior to impact; that the defendant's driver pleaded guilty to the charge of Following Too Closely, arising out of the accident, and paid a fine. We do not believe that the above ruling of the court, denying the defendant's motion to instruct the jury to disregard the questions, was prejudicial to the rights of the defendant. 12 O.S. 1961, § 78.

■ Defendant contends that improper remarks of plaintiff's attorney in the closing argument constitutes misconduct which prevented an impartial verdict and resulted in a "remarkably excessive verdict." The remarks were not taken by the court reporter and do not appear in the record of the proceedings before this court. An affidavit of defendant's counsel was filed in the trial court after the order overruling the motion for a new trial had been made but before the case made was settled by the trial court. The affidavit does not satisfy the requirements for appellate review under these circumstances. Burns v. Atchison, Topeka and Santa Fe Railway Co. et al., Okl., 372 P.2d 36; Missouri-Kansas-Texas Railroad Co. v. Edwards, Okl., 361 P.2d 459; Westgate Oil Co. v. McAbee, 181 Okl. 487, 74 P.2d 1150.

■ Defendant did not ask for a mistrial at the time of these remarks. Defendant did not request a mistrial when the evidence now challenged was admitted. If prejudicial remarks of counsel, or the admission of prejudicial evidence, is allowed to go to the jury without the aggrieved party moving the court to declare a mistrial, or otherwise permitting the trial court

the opportunity to correct the asserted error, the party will be deemed to have taken his chances with the jury. Walton v. Bennett, Okl., 376 P.2d 240; Parris v. McCallay, supra.

The amount of the jury verdict is well within the permissible limits supported by the evidence, and the verdict is not excessive. 23 O.S. 1961, § 97. There is no absolute standard to measure damages for personal injuries, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which hears the evidence and fixes the award. Complete Auto Transit, Inc. v. Reese, Okl., 425 P.2d 465; Yellow Cab Operating Co. v. Spelce, 177 Okl. 571, 61 P.2d 672; Walton v. Bennett, supra. The plaintiff did not show a loss of earnings, but the nature of the injury supports an award for loss of earning capacity as an element of general damages which jury may compensate plaintiff. McAlester Corp. v. Wheeler, 205, Okl. 446, 239 P.2d 409; Complete Auto Transit, Inc. v. Reese, supra; Connolly v. Pre-Mixed Concrete Co., 49 Cal.2d 483, 319 P.2d 343; 22 Am.Jur.2d, Damages, § 92. Also, the medical expense and necessity of an operation support the reasonableness of the jury verdict.

The judgment rendered was superseded, pending appeal, by a bond executed by the Lawton Transit Mix, Inc. as principal and Transamerica Insurance Company, a corporation, as surety thereon. Judgment is hereby rendered against the surety on the supersedeas bond for the sum of $23,792.00 together with interest, plus the costs herein accrued and accruing. Execution may issue hereon from the trial court after mandate is spread of record.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS and LAVENDER, JJ., concur.

BLACKBIRD and JACKSON, JJ., dissent.